IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN AND ANNE McGRATH, | : | |
| *Plaintiffs* | : | |
| | : | |
| v. | : | CIVIL ACTION NO.  3:23-cv-270 |
| | : | |
| GREATER JOHNSTOWN | : | |
| WATER AUTHORITY, | : | Jury Trial Demanded |
| *Defendant* | : | |

# COMPLAINT

**AND NOW**, this 30th day of October, 2023, come Plaintiffs, John and Anne McGrath, by and through their attorneys, Sean E. Summers, Esq. and Summers Nagy Law Offices, and file this Complaint against Defendant, Greater Johnstown Water Authority, and in support thereof aver as follows:

## I. PARTIES

1. Plaintiffs are John and Anne McGrath (collectively, "Plaintiffs"), both citizens of the Commonwealth of Pennsylvania residing at 409 Luzerne Street, Johnstown, Cambria County, Pennsylvania 15905.

2. Defendant, Greater Johnstown Water Authority ("GJWA"), is a joint municipal authority incorporated under the Municipality Authorities Act of the State of Pennsylvania with its principal place of business located at 640 Franklin Street, Johnstown, Cambria County, Pennsylvania, 15901.

1

3. Defendant is a joint municipal authority created by the City of Johnstown and Boroughs of Westmont and Southmont that is responsible for the maintenance of the water mains and filtration plant, in an effort to provide potable water to the residents of the Greater Johnstown Area.

4. At all times relevant herein, Defendant acted by and through its agents, servants, and employees each who acted at all times relevant herein within the course and scope of their employment with and for Defendant.

## II.   JURISDICTION

5. This court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and 1343(a)(3).

6. This case is a civil action arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1332.

7. This case is being brought to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. 28 U.S.C. § 1343(a)(3).

8. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391 (b)(1) because the Western District is the location where Plaintiff

resides and Defendant has their principal governmental office. It is also the place where the violations occurred.

### III.   FACTUAL BACKGROUND

9. Plaintiffs are the owners of real property located at 409 Luzerne Street, Johnstown, Cambria County, Pennsylvania 15905 (hereinafter referred to as "property").

10. The above location is within the Westmont Borough of Johnstown, Pennsylvania.

11. The Westmont Borough is serviced by the Greater Johnstown Water Authority.

12. Said property is located in Westmont Borough and serviced by the Greater Johnstown Water Authority.

13. Greater Johnstown Water Authority is responsible for the water and sewage at the property located at 409 Luzerne Street, Johnstown, Cambria County, Pennsylvania.

14. In the fall of 2022, while Plaintiffs were out of town, they had a neighbor come to their home regularly to water the plants and check on the general safety of the property.

15. On Sunday, November 20, 2022, while checking on the home, Plaintiff's neighbor noticed that the finished basement was flooded with water containing raw sewage from a clogged sewer main running under Luzerne Street.

16. The sewer main running under Luzerne Street, ninety (90) feet away from Plaintiffs' home, became clogged with debris and caused a rush of sewage water up and through Plaintiff's sewer lateral and into their basement.

17. Plaintiffs were notified immediately by the neighbor of the disaster.

18. Plaintiffs alerted GJWA the following morning of the water, sewage, and damage to their home.

19. Later that same afternoon, Plaintiffs received a call from GJWA telling them that the water in their home had "receded".

20. On December 2, 2022, Plaintiffs learned that GJWA had entered their property on November 21, 2023 without permission and took several photographs of the sewage flood and damage to their property.

21. GJWA never asked and Plaintiffs never gave GJWA or it agents, contractors, or servants permission to enter the home located at 409 Luzerne Street.

22. Unbeknownst to the Plaintiffs and without their consent, a warrant, or notice of any kind, GJWA's employees or agents unlawfully entered the property.

23. Following the unauthorized entry into the property, GJWA's employees or agents proceeded into the home taking pictures of the sewage, water, and devastation caused in the home.

24. After the GJWA documented the sewage water and the damage that it caused and left the property, they did not contact the Plaintiffs to inform them that they had entered the property, or the damage caused by sewage water.

25. To this day, Plaintiffs do not know who from GJWA entered their home, how they got into the home, what they did while it the home, what methods, if any, they used to get the sewage water to recede, and if those methods affected the integrity of the sewage lines/pipes on the property.

26. As a result of the sewage water infiltration into their home, caused by GJWA's careless or negligent maintenance of the sewer system, Plaintiffs sustained catastrophic damage to their basement and its contents, suffered property value loss, and have been emotionally impacted.

27. The damage has precluded them from the use of one-third of their home.

28. The property damage was extensive.

29. GJWA knew or should have known that its system was failing and likely to cause the aforementioned damage.

## IV.   CLAIMS

### COUNT I
### PLAINTIFFS JOHN AND ANNE MCGRATH v.
### DEFENDANT, GREATER JOHNSTOWN WATER AUTHORITY
### NEGLIGENCE

30.   Plaintiffs incorporate the preceding paragraphs as if more fully set forth below.

31.   GJWA had a duty of care to properly inspect, manage, maintain, and remedy the sewer and water lines so as to avoid injury to Plaintiffs.

32.   Defendants breached its duty of care by failing to properly inspect, manage, maintain, and remedy the sewer and water lines.

33.   GJWA failed to prevent water and sewage from entering the Plaintiff's home and destroying it and its contents.

34.   GJWA's negligence proximately caused and continues to cause Plaintiffs to suffer serious property damage, loss, or use of one-third of their home, diminished value of their home, mental anguish, and out-of-pocket expenses related to damage they sustained to their home and their possession.

35.   Plaintiffs were not negligent or the cause of the injuries sustained.

36.   All such damage and injuries were caused by the negligence of GJWA.

## COUNT II
### Plaintiffs John and Anne McGrath v.
### Defendant Greater Johnstown Water Authority
### **TRESPASS**

37. Plaintiffs incorporate the preceding paragraphs as if more fully set forth below.

38. On November 21, 2023, GJWA's employees or agents intentionally or negligently entered the home located at 409 Luzerne Street, Johnstown, Cambria County, Pennsylvania 15905.

39. The home located at 409 Luzerne Street, Johnstown, PA is owned by the Plaintiffs.

40. Plaintiffs never gave GJWA, its employees or agents permission to go onto the property or enter the home.

41. GJWA never sought permission to enter Plaintiffs' property.

42. A trespass is an intentional or negligent intrusion upon or to the possessory interest in property of another.

43. GJWA unlawfully trespassed onto the property and into the home of the Plaintiffs without the consent or notice to do so.

44. GJWA's actions were a gross invasion of the Plaintiffs' home and privacy rights.

## COUNT III
### PLAINTIFFS JOHN AND ANNE MCGRATH V.
### DEFENDANT GREATER JOHNSTOWN WATER AUTHORITY
### UNLAWFUL SEARCH AND SEIZURE

45. Plaintiffs incorporate the preceding paragraphs as if more fully set forth below.

46. The Fourth Amendment of the United States Constitution and Pennsylvania Constitution establish the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. U.S. Const., Amend 4, Pa. Const., art. 1, §8.

47. GJWA, a government agency, unlawfully entered the home of Plaintiffs without warrant or permission, violating Plaintiffs' fundamental Constitutional rights.

48. There were no exceptions present at the time of the entry onto and into the property to allow the agency officials to enter the property.

49. GWJA did not seek permission or obtain a warrant to enter the property prior to doing so.

50. Said search was unreasonable under the Fourth Amendment of the U.S. Constitution.

51. Upon entry, Defendant's constructively searched and seized Plaintiffs' property by entering and taking multiple photos of the inside of their home, without notification or permission.

52. GJWA's actions were a gross invasion of the Plaintiff's privacy rights.

**WHEREFORE,** Plaintiffs, John and Anne McGrath, respectfully demand the following:

1. Trial by jury on all issues so triable;

2. Judgment against Defendant for statutory, compensatory, consequential in excess of $75,000.00 and punitive damages;

3. Attorney's fees and costs; and

4. Any and all other relief to which Plaintiffs may appear to be entitled and the Court deems appropriate.

Respectfully submitted,

SUMMERS NAGY LAW OFFICES

By: _/s/Sean E. Summers_
Sean E. Summers, PA I.D. 92141
35 South Duke Street
York, PA 17401
(717) 812-8100
Fax: (717) 812-8108
E-Mail: ssummers@summersnagy.com
*Counsel for Plaintiffs*

Dated: October 30 2023

## VERIFICATION

I, Anne McGrath, hereby verify that the foregoing Complaint is true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification of authorities.

Dated: 10/30/23

_____
Anne McGrath

## VERIFICATION

I, John McGrath, hereby verify that the foregoing Complaint is true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification of authorities.

Dated: 10/30/23

John McGrath