IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MCGRATH and<br>ANNE MCGRATH, | )<br>)<br>) | CIVIL ACTION NO. 3:23-270 |
| Plaintiffs, | )<br>) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | )<br>) | |
| GREATER JOHNSTOWN<br>WATER AUTHORITY, | )<br>)<br>) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

I.  Introduction

Pending before the Court is Defendant Greater Johnstown Water Authority's ("GJWA") "Petition to Open Default Judgment[,]" (ECF No. 13), which the Court construes as a Motion to Set Aside Default. The Motion is fully briefed, (ECF Nos. 13, 18, 24), and ripe for disposition. For the following reasons, the Court **GRANTS** GJWA's Motion and vacates the Default entered against GJWA on December 13, 2023.

II.  Background

Plaintiffs John McGrath ("Mr. McGrath") and Anne McGrath ("Mrs. McGrath") (collectively, the "Plaintiffs") filed their Complaint against GJWA on October 30, 2023. (ECF No. 1). In their Complaint, the Plaintiffs advance the following three claims against GJWA:

Negligence ("Count I"); Trespass ("Count II"); and Unlawful Search and Seizure ("Count III")¹. (*Id.* at 6–9).²

On December 7, 2023, the Plaintiffs filed an "Affidavit of Service[.]" (ECF No. 4). In that document, David Bendly ("Mr. Bendly"), who worked for Judiciary Process Servers, swore that, on November 2, 2023, at 1:40 pm EDT, he served the "Complaint; Verification; … Civil Cover Sheet; [and] Attachment/Exhibit" on GJWA. (*Id.*). More specifically, Mr. Bendly wrote the following:

> Successful attempt: Nov. 2, 2023, 1:40 pm EDT at 640 Franklin Street, Johnstown, PA 15901 received by [GJWA] c/o Shelby Thames, Receptionist. Age: 45-50; Ethnicity: Caucasian; Gender: Female; Weight: 155; Height: 5'5"; Hair: Brown; Served all documents on Shelby Thames, Receptionist who stated that she was authorized to accept service on behalf of [GJWA].

(*Id.*).

---

¹ With respect to this claim, the Plaintiffs assert that GJWA's actions violated the Fourth Amendment to the United States Constitution. (ECF No. 1 at 8). Further, although the Plaintiffs reference the Pennsylvania Constitution, they do not make any explicit assertion that GJWA's conduct violated that document in particular, and they do not explicitly seek the type of relief available for a violation of that document. (*See* ECF No. 1); *Pocono Mountain Charter School v. Pocono Mountain School Dist.*, 442 F. App'x 681, 687–88 (3d Cir. 2011) ("No Pennsylvania statute authorizes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution … [a]lthough … equitable remedies are available."). All of this is important because GJWA is a "municipal authority incorporated under the Municipality Authorities Act of the State of Pennsylvania[,]" (ECF No. 1 at 1), and it is Section 1983 that "authorizes a person to file a private cause of action against state actors for a deprivation of rights protected by a federal statute or the United States Constitution." *Acosta v. Democratic City Committee*, 288 F. Supp. 3d 597, 622 (E.D. Pa. 2018) (internal quotation marks and citation omitted). Therefore, throughout this Memorandum Opinion, the Court construes the Plaintiffs' claim at Count III as having been brought pursuant to Section 1983. In doing so, the Court notes that, in the Plaintiffs' Response to GJWA's Motion to Open Default, the Plaintiffs appear to agree that their claim at Count III is brought pursuant to Section 1983 alone. (ECF No. 18 at 4).

² At this point, the Court notes that it has subject-matter jurisdiction over this case because: (1) the Plaintiffs advance a claim under 42 U.S.C. Section 1983 and (2) the Plaintiffs' Pennsylvania state law claims form part of the same case or controversy as the Plaintiffs' federal law claim. (ECF No. 1 at 6–9); 28 U.S.C. § 1331; 28 U.S.C. § 1367.

On December 12, 2023, the Plaintiffs submitted a "Request to Enter Default" to the Clerk of the U.S. District Court for the Western District of Pennsylvania. (ECF No. 7). Along with that document, counsel for the Plaintiffs submitted an Affidavit, in which he swore to the following:

> [T]he complaint and summons in this action were served on [GJWA] on November 2, 2023; that service was made on November 2, 2023; that time within which [GJWA] may answer or otherwise move as to the complaint has expired; that [GJWA] has not answered or otherwise moved and that the time for [GJWA] to answer or otherwise move has not been extended.

(ECF No. 7-1).

Given the foregoing, on December 13, 2023, the Clerk entered Default against GJWA. (ECF No. 8). Further, on the Plaintiffs' request, the Court scheduled a Default Judgment Hearing for January 24, 2024, at 10:00 A.M. (ECF No. 9 at 2). The Court also directed counsel for the Plaintiffs to serve a copy of its Order scheduling the Default Judgment Hearing on GJWA. (*Id.*).

Then, on December 21, 2023, counsel entered their appearances on behalf of GJWA. (ECF Nos. 11, 12). Further, on December 27, 2023, GJWA filed its "Petition to Open Default Judgment[.]" (ECF No. 13). In that document, GJWA states that it was "not 'served' on November 2, 2023, at 1:40 p.m. as set forth in the Affidavit of Service. To the contrary, upon investigation, [GJWA] has confirmed that it was never served with a 'complaint, verification, civil coversheet, [and] attachments/exhibit[s]' on November 2, 2023[,] or at any other date or time." (*Id.* at 2) (emphasis added).

In support of these allegations, GJWA submitted an affidavit signed by Michael Kerr ("Mr. Kerr"), the Resident Manager of GJWA. (ECF No. 13-1). In that affidavit, Mr. Kerr swore that: (1) he had reviewed the Affidavit of Service filed at ECF No. 4 in this case; (2) GJWA "was

-3-

not served with any complaint, verification, civil coversheet, or exhibits relative to the above-captioned case on November 2, 2023, or at any other date or time[;]" (3) GJWA has never employed an individual by the name of Shelby Thames; (4) and "GJWA does not have a receptionist located at 640 Franklin Street, Johnstown, Pennsylvania 15901." (*Id.*).

On January 8, 2024, the Plaintiffs submitted their "Response to [GJWA's] Petition to Open Default Judgment[.]" (ECF No. 18). In that document, the Plaintiffs dispute GJWA's contention that it was not served. (ECF No. 18 at 1). The Plaintiffs state that the "Affidavit of Service clearly reflects that a representative of [GJWA] was served at 640 Franklin Street, Johnstown, Pennsylvania 15901." (*Id.*). Further, the Plaintiffs aver that GJWA's "artfully worded Affidavit in support of its Petition is equivocal in parts and does not definitively deny that someone on the premises of [GJWA's] office received the Complaint on or about November 2, 2023." (*Id.* at 1–2).

Finally, on January 12, 2024, GJWA submitted a Reply to the Plaintiffs' Response. (ECF No. 24). In that document, GJWA again states that it was not served. (*Id.* at 2). Further, GJWA alleges that it "confirmed with all GJWA employees working on the date of 'claimed service' that they were not served with any legal documents on that date or any other." (*Id.*) (cleaned up). In support of this contention, GJWA submitted another affidavit signed by Mr. Kerr, which states that: (1) "Jennifer Burkhart, Monica Charles, Marie Kisiel, Colleen Layton, Jennifer Maslonek, and Kelly Thomas are the GJWA employees who were working in the front office of GJWA located at 640 Franklin Street, Johnstown, Pennsylvania 15901 on November 2, 2023[;]" and (2) GJWA "confirmed with each aforementioned employee that they were not served with any documents on November 2, 2023[,] or at any other date or time." (*Id.* at 6). In support of

these statements by Mr. Kerr, all six of those employees signed their own Affidavits swearing that: (1) they were "working in the front office of GJWA located at 640 Franklin Street, Johnstown, Pennsylvania 15901 on November 2, 2023[;]" and (2) they were "never served with legal documents while at the GJWA office on November 2, 2023, or at any other date or time." (*Id.* at 8–13).

### III.  Legal Standard

The entry and setting aside of defaults are addressed in Federal Rule of Civil Procedure 55. *Cassell v. Phila. Maint. Co.*, 198 F.R.D. 67, 68 (E.D. Pa. 2000). In relevant part, Rule 55 provides as follows:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(c) Setting Aside a Default or a Default Judgment.** The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

FED. R. CIV. P. 55(a), (c).

The "decision of whether or not to set aside the entry of a default rests in the discretion of the trial court, which should construe such motions liberally in favor of the moving party." *Cassell*, 198 F.R.D. at 68. Further, as a general matter, courts in the Third Circuit do "not favor default judgments and in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits." *Zawadski de Bueno v. Buena Castro*, 822 F.2d 416, 420 (3d Cir. 1987).

Finally, under Third Circuit precedent, district courts are to consider the following three factors in exercising their "discretion in granting or denying a motion to set aside a default

under Rule 55(c)": "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *American Shoring, Inc. v. Miniscalco Constr., LLC*, No. 15-CV-2612, 2015 WL 5144028, at *2 (E.D. Pa. Aug. 31, 2015) (listing the same three factors in the context of a motion to set aside a default under Rule 55(c)).[3]

IV.   Discussion

    A.   The Parties' Arguments

With respect to the first factor, GJWA argues that the Plaintiffs "will not be prejudiced by lifting the [D]efault" because they "only initiated [this] lawsuit approximately six (6) weeks ago." (ECF No. 13 at 3). With respect to the second factor, GJWA "avers it has meritorious

---

[3] The Court notes that there is precedent appearing to support the consideration of a fourth factor in determining whether to set aside a default under Rule 55(c)—the effectiveness of alternative sanctions. *Cassell*, 198 F.R.D. at 69 (considering a request to set aside a default under Rule 55(c) and listing, in addition to the three factors above, "the effectiveness of alternative sanctions") (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987); *Scarborough v. Eubanks*, 747 F.2d 871, 875–78 (3d Cir. 1984)). More recently, however, the Third Circuit has listed the three factors set forth in text above in weighing whether to grant a motion to open a default judgment, without mentioning the fourth factor (the appropriateness of alternative sanctions). *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2007) ("We have set out three factors that a district court must consider when deciding whether to vacate a default judgment. We must determine whether (1) the plaintiff will be thereby prejudiced, (2) the defendant has a meritorious defense, and (3) the default was the result of the defendant's culpable conduct."). In light of the foregoing, the Court only sets forth in text the three factors mentioned in *$55,518.05 in U.S. Currency*. However, the Court also considers the fourth factor in this case, an action that the Court deems especially appropriate here for two reasons. First, GJWA and the Plaintiffs addressed the fourth factor in briefing the Court relative to GJWA's Motion. (ECF No. 13 at 5; ECF No. 18 at 4–5). Second, as the Court explains below, *see supra* Section IV.B.3, consideration of the fourth factor in no way alters the Court's disposition of GJWA's Motion. In other words, in this case, the Court need not definitely determine whether the appropriateness of alternative sanctions is a factor that a district court must consider in determining whether to set aside a Default under Rule 55(c).

Finally, the Court notes that there is "substantial authority that a lesser showing is required to set aside the entry of a default" than a default judgment. *Mike Rosen & Associates, P.C. v. Omega Builders, Ltd.*, 940 F. Supp. 115, 120–21 (E.D. Pa. 1996) (noting that courts within the Third Circuit have seemed unwilling to deny motions to set aside the entry of a default solely on the basis that no meritorious defense exists). However, the Court need not concern itself with this issue in this case, where all four factors that the Court considers clearly favor setting aside the entry of the Default.

defenses to the claims set forth in [the] Plaintiffs' Complaint[.]" (*Id.* at 4). Specifically, GJWA contends that: (1) it is a local government agency immune from tort liability under 42 Pa.C.S. § 8541 and no exception applies, (2) the Plaintiffs consented to GJWA's entry on their property, and (3) GJWA was not acting pursuant to a municipal policy or custom "in allegedly entering [the] Plaintiffs' home without permission[,]" a fact that would be necessary in order for the Plaintiffs to establish liability under Section 1983. (*Id.*). With respect to the third factor, GJWA asserts that it did not engage in any culpable conduct because it was never served with the Complaint in this case. (*Id.* at 5). Finally, GJWA argues that no alternative sanctions against it are warranted because it was not served and, as soon as it became aware of the entry of Default, it immediately responded. (*Id.*).

In response, the Plaintiffs refer the Court to newspaper articles from November 1, 2023, and November 4, 2023, that they contend "establish that [GJWA's] solicitor was aware of the lawsuit after its filing and before [the] Plaintiffs' Entry of Default." (ECF No. 18 at 2; ECF No. 18-3). The Plaintiffs therefore assert that GJWA cannot claim ignorance of the lawsuit, and it would have been reasonable for GJWA's solicitor to have checked the publicly available docket in order to learn more about the status of this case. (ECF No. 18 at 2).

Next, the Plaintiffs argue that "[a]pplicable precedent from the Third Circuit permits entries of default to remain if the facts support a finding that the party in default did so as part of a deliberate or willful trial strategy or if there can be an inference of bad faith." (*Id.* at 3) (citing *Zawadski*, 822 F.2d at 420–21; *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983)). The Plaintiffs contend that GJWA's equivocally-worded affidavit and its solicitor's prior awareness of this lawsuit support an inference of bad faith on GJWA's part. (*Id.*).

-7-

Finally, turning to the four factors, the Plaintiffs aver that they would be prejudiced if the Court lifted the Default because the incidents from which this lawsuit stems occurred over one year ago, the Plaintiffs are seeking finality in their dispute, and the Plaintiff's "investigation has been ongoing for a protracted amount of time prior to filing a formal Complaint." (*Id.*). With respect to the merit of GJWA's defenses, the Plaintiffs assert that these defenses "are easily addressed through filing an amended complaint." (*Id.* at 4). With respect to the culpability of GJWA, the Plaintiffs argue that its "excuse for not having timely responded to the Complaint is unconvincing, and therefore its defaulting conduct is not excusable." (*Id.*). Lastly, with respect to alternative sanctions, the Plaintiffs request that GJWA be "ordered to pay all legal fees associated with the default process" in the event that the Court does in fact elect to set aside the Default. (*Id.* at 5).

### B. Analysis

#### 1. The First Factor Weighs in Favor of Setting Aside the Default

With respect to the issue of prejudice to the Plaintiffs, prejudice is "established … when a plaintiff's ability to pursue the claim has been hindered … by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523–24 (3d Cir. 2006) (cleaned up); *see also Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("[Plaintiff] has not argued that it was prejudiced because its ability to pursue the claim has been hindered or that any relevant evidence has been lost."). On the other hand, as the Third Circuit has stated, delay "in realizing satisfaction on a claim *rarely* serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the

proceeding." *Emcasco Ins. Co.*, 834 F.2d at 74 (internal quotation marks and citation omitted) (emphasis added).

Here, the Plaintiffs do not offer the Court any specific argument indicating that setting aside the entry of Default would hinder their ability to pursue their claims, such as by arguing that the Court's setting aside the Default would result in lost evidence or increase the potential for fraud or collusion. (ECF No. 18); *Nationwide Mut. Ins. Co.*, 175 F. App'x at 523–24. Instead, the Plaintiffs broadly contend that they would be prejudiced because: (1) the incidents from which this lawsuit stems occurred over one year ago, (2) the Plaintiffs are seeking finality in their dispute, and (3) the Plaintiffs' "investigation has been ongoing for a protracted amount of time prior to filing a formal Complaint." (ECF No. 18 at 3). The Court finds that these allegations primarily pertain to a delay in the Plaintiffs realizing satisfaction on their claims, which, on the facts of this case, are not sufficient reasons to find prejudice. *Emcasco Ins. Co.*, 834 F.2d at 74. Therefore, in this matter, which is "still in the pleading stage[,]" and in which no "discovery appears to have yet been taken by any of the parties[,]" the Court holds that the first factor weighs in favor of setting aside the Default. *Cassell*, 198 F.R.D. at 69.

2.  **The Second Factor Weighs in Favor of Setting Aside the Default**

With respect to the second factor, a meritorious defense "is accomplished when [the] allegations of a defendant's answer, if established at trial, would constitute a complete defense to the action." *Cassell*, 198 F.R.D. at 69; *Emcasco Ins. Co.*, 834 F.2d at 74 ("This language used by the Superior Court suggests that the allegations of [Defendant's] proffered answer, if established at trial, may constitute a complete defense to the action."). Further, a "general denial is insufficient to overturn a default; rather, the defendant must assert specific facts supporting

-9-

the existence of a prima facie meritorious defense." *Cassell*, 198 F.R.D. at 69; *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d at 194–96 (3d Cir. 1984). Finally, courts need not decide the legal issue at the time of deciding whether to set aside a Default; 'it is sufficient that [GJWA's] proffered defense is not facially unmeritorious." *Emcasco Ins. Co.*, 834 F.2d at 74 (internal quotation marks and citation omitted).

Turning to Count I of the Plaintiffs' Complaint, which advances a claim against GJWA for Negligence, *see supra* Section II, GJWA asserts that it is a "local government agency and is therefore immune from tort liability pursuant to 42 Pa.C.S. § 8541 and no exception applies." (ECF No. 13 at 4). As the Third Circuit has explained, under Pennsylvania's Political Subdivision Tort Claims Act (the "PPSTCA"), "local agencies … are given broad tort immunity. The Act provides that 'no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006) (quoting 42 Pa. Cons.Stat. § 8541). However, there are "[nine] 'acts' excepted from the immunity granted under § 8541[.]" *Id.* (citing 42 Pa. Cons.Stat. § 8542). Further, the plaintiff bears the burden of proving that one of these nine exceptions applies in any given case. *White v. City of Phila.*, 102 A.3d 1053, 1058 (Pa. Commw. Ct. 2014) ("[P]laintiff … must then demonstrate that the alleged negligent act falls within one of the exceptions provided in Section 8542(b)."). Here, the Court construes GJWA's statement that "no exception applies" as a factual denial of the existence of any of the nine exceptions found within the PPSTCA. Therefore, because: (1) GJWA denies the existence of facts

giving rise to any of the exceptions to the PPSTCA's immunity,[4] (2) the Plaintiffs would bear the burden of proof on this issue at trial, and (3) the Plaintiffs' failure to meet its burden of proof on this issue would be fatal to its claim at Count I, the Court cannot find that GJWA's defense to Count I is "facially unmeritorious." *Emcasco Ins. Co.*, 834 F.2d at 74 (internal quotation marks and citation omitted); *see also Bieros v. Nicola*, 851 F. Supp. 681, 683 (E.D. Pa. 1994) (holding that the defendants had asserted meritorious defenses where they contended that they had immunity under the PPSTCA, among other defenses).

Turning to Count II of the Plaintiffs' Complaint, which advances a claim against GJWA for Trespass, *see supra* Section II, GJWA contends that the "Plaintiffs consented to [GJWA's] entry on their premises during recorded telephone calls with [GJWA.]" (ECF No. 13 at 4). Specifically, GJWA alleges that Mrs. McGrath "called [GJWA] and spoke with its employees about the flooding in her basement that is the basis of this lawsuit. At that time, [Mrs.] McGrath gave [GJWA] permission to enter [the] Plaintiffs' property." (*Id.*). Under "Pennsylvania law, one who intentionally enters land in the possession of another *without a privilege to do so* is liable for trespass." *Klein v. Madison*, 374 F. Supp. 3d 389, 431 (E.D. Pa. 2019) (internal quotation marks and citations omitted) (emphasis added). Indeed, if a law enforcement officer, for example, "lawfully enters private property because the entry is privileged (*i.e.*, the officer has a warrant, exigent circumstances justify warrantless entry, *the officer has the owner's consent*), the officer is not liable for trespass." *Id.* (emphasis added). Therefore, because GJWA has given the Court

---

[4] The Court notes that, although GJWA has not offered a high degree of factual specificity regarding this defense, it is alleging that none of the exceptions to the PPSTCA apply in this case. That allegation is predicated on the *absence* of facts placing this case within an exception to the PPSTCA's grant of immunity. Accordingly, for this reason and the others listed in text above, the Court finds that GJWA has met its burden, at this stage of this case, of showing that it has a meritorious defense relative to Count I.

specific facts that, if proven at trial, would constitute a complete defense to the Plaintiffs' claim at Count II, the Court holds that GJWA has shown a meritorious defense with respect to that Count.

Finally, turning to Count III of the Plaintiff's Complaint, which advances a Section 1983 Unlawful Search and Seizure claim against GJWA, *see supra* Section II, GJWA contends that it was not "acting pursuant to a municipal policy or custom in allegedly entering [the] Plaintiffs' home without permission … [but rather, GJWA] entered [the] Plaintiffs' home pursuant to the permission granted to [GJWA] by [the] Plaintiffs." (ECF No. 18 at 4). Under Third Circuit precedent, "[w]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *McTernan v. City of York, PA*, 564 F.3d 636, 657 (3d Cir. 2009) (internal quotation marks and citation omitted). Further, "[w]hile the Fourth Amendment prohibits unreasonable searches and seizures, [c]onsent is an exception to the requirements of both a warrant and probable cause." *United States v. Murray*, 821 F.3d 386, 391 (3d Cir. 2016) (internal quotation marks and citation omitted). Therefore, because GJWA's defenses, independently or working together, could lead to a jury finding that GJWA bears no liability whatsoever for the Plaintiffs' claims at Count III, the Court finds that GJWA has established a meritorious defense relative to that Count.

Accordingly, the Court holds that the second factor weighs in favor of setting aside the Default.

    3. **The Third and Fourth Factors Weigh in Favor of Setting Aside the Default**

With respect to the third factor, in this context culpable "conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123–24 (3d Cir. 1983). More than "mere negligence is required." *Cassell v. Phila. Maint. Co.*, 198 F.R.D. 67, 69 (E.D. Pa. 2000); *see also Gross*, 700 F.2d at 124. Further, "[r]eckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984).

Here, the Court begins by noting that it will decline, at this stage in this case, to definitively resolve the question of whether GJWA was properly served by the Plaintiffs on November 2, 2023.[5] The Court need not do so because, given their specificity and nature, the

---

[5] The Court notes GJWA's argument that the Court should set aside the Default because GJWA was never served. (ECF No. 13 at 2). In advancing that argument, GJWA cites three Third Circuit cases, generally standing for the principle that "if a default judgment [has] been entered whe[re] there [was no] proper service, the judgment is, *a fortiori*, void, and should be vacated." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995). However, each of those three cases involved a finding that the complaint was not properly served pursuant to the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Id.* (finding that the defendant who sought to have the default judgment lifted had not been properly served pursuant to Rule 4); *Grand Entm't Grp., Ltd. V. Star Media Sales, Inc.*, 988 F.2d 476, 478 (3d Cir. 1993) (finding that the plaintiff had failed to serve the relevant defendants in a manner that complied with Rule 4); *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985) (finding that the complaint was not properly served under Rule 4).

That fact is critical, because, in this case, the Court cannot presently find that GJWA was not properly served. To begin, the Court notes that neither party offers any briefing on the issue of whether the Plaintiffs properly served GJWA pursuant to Rule 4. (*See* ECF Nos. 13, 18, 24). Further, as the Court now explains, there is precedent that gives the Court reason to pause before finding that the Plaintiff failed to properly serve GJWA. Indeed, "Federal Rule of Civil Procedure 4(j)(2) requires that a local government be served 'by delivering a copy of the summons and of the complaint to its chief executive officer' or by a process permitted under Pennsylvania law." *White v. Green*, 382 F. App'x 199, 202 (3d Cir. 2010) (quoting FED. R. CIV. P. 4(j)(2)). Under Pennsylvania law, service can be "effectuated by handing a copy to (1) an agent duly authorized, or (2) the person in charge at the office of the defendant, or (3) the mayor, or the president, chairmen, secretary or clerk of the tax levying body thereof, or in some cases, the chairman or clerk of the board of county commissioners." *Id.* (citing Pa. R. Civ. P. 422(b)). In interpreting Pennsylvania's Rule of Civil Procedure 422(b), the Commonwealth Court of Pennsylvania has held that service on a purported "person in charge at the office of the defendant" is not appropriately conducted

Court accepts GJWA's averments that: (1) it has never employed an individual named Shelby Thames and (2) none of the employees working at GJWA on November 2, 2023, received service of the Complaint or other documents. *See supra* Section II. Relatedly, the Court believes GJWA insofar as its allegations permit the Court to find that, even given the service on Shelby Thames on November 2, 2023, *GJWA itself* was not thereby made aware of service on that date. *See id.* Because the Court finds that GJWA was not served on November 2, 2023, *in a manner that alerted it to the fact of service*, the Court further finds that GJWA did not act willfully or in bad faith in not responding to the Complaint in a timely manner. Accordingly, the third factor weighs in favor of setting aside the Default.[6]

---

where the person serving that process cannot "state affirmatively that the person to whom he handed the complaint was a receptionist, or the person in charge[.]" *Comyn v. SE Pa. Transp. Auth.*, 594 A.2d 857, 859–60 (Pa. Commw. Ct. 1991); *see also Grand Entm't Grp., Ltd.*, 988 F.2d at 486 (holding that the "'person for the time being in charge' of any office or usual place of business of the defendants for purposes of Pennsylvania Rule of Civil Procedure 402 must either be an individual with some direct connection to the party to be served *or one whom the process server determines to be authorized, on the basis of her representation of authority, as evidenced by the affidavit of service*") (emphasis added).

In light of this precedent, the Court notes that, on the one hand, the Plaintiffs have submitted an affidavit from the process server indicating that he served a receptionist who "stated that she was authorized to accept service on behalf of" GJWA. (ECF No. 4). On the other hand, GJWA has provided the Court with evidence indicating that that individual was not in fact in its employ. *See supra* Section II. In the face of this apparent tension, the Court notes that it appears *possible* that, taking all affidavits submitted by the Plaintiffs and GJWA in this case as true, both of the following are likewise true: (1) the Plaintiffs complied with Rule 4, so far as they could know, in serving GJWA and (2) GJWA bears no culpability for not responding to the Complaint in a timely fashion because it was not meaningfully made aware of the Complaint via service.

Given all of the foregoing, the Court stresses that it is not definitively resolving the issue of service at this time. It need not do so because, even assuming without deciding that GJWA was properly served, the Court finds that it is appropriate to set aside the Default in this case, as the Court explains in the text above.

[6] The Court briefly addresses the Plaintiffs' contentions that news articles from November 2023 indicate that: (1) GJWA's "solicitor was aware of the lawsuit after its filing and before [the] Plaintiffs' Entry of Default" and (2) GJWA could have checked the publicly-available docket to learn more about the case. (ECF No. 18 at 2). The Court finds that these facts, even if taken as true, fail to show that it is appropriate

Moreover, because GJWA cannot be deemed to have been aware of service in November 2023 or early December 2023, it cannot be said to have acted inappropriately in any manner in not responding to the Complaint as of that time. Accordingly, because GJWA was not acting willfully, in bad faith, or negligently by not responding to the Complaint in November 2023 or early December 2023, no manner of sanctions is appropriate against it. Therefore, the Court finds that the fourth factor weighs in favor of setting aside the Default.

Because all four factors weigh in favor of setting aside the Default, the Court will grant GJWA's Motion and set aside the Default entered on December 13, 2023.

## V.     Conclusion

For the foregoing reasons, the Court grants GJWA's "Petition to Open Default Judgment[.]" (ECF No. 13).

An appropriate order follows.

---

to deem GJWA culpable or award sanctions against it, for two reasons. First, the Plaintiffs have not referred the Court to any caselaw in which a court has deemed a defendant culpable or awarded sanctions where that defendant was not made aware of the filing of a complaint via service, but rather was only made aware of the filing of a complaint through publicly-available resources or the like. (*See* ECF No. 18). Second, the Court notes that, as GJWA points out, (ECF No. 24 at 2), it is either service or waiver of service that triggers the duty of a defendant to serve an answer under Federal Rule of Civil Procedure Rule 12(a)(1)(A). FED. R. CIV. P. (12)(a)(1)(A). Further, under rule 12(b)(5), for example, a defendant can move to dismiss a complaint for insufficient service of process. FED. R. CIV. P. 12(b)(5). In other words, because the Court has found that GJWA was not served in a manner that made it aware of service, the Court is left with every indication that, in November 2023 and early December 2023, GJWA was simply waiting to see whether it would receive service and preserving its option of potentially filing a Rule 12(b)(5) Motion in the future. On these facts, the Court cannot find GJWA to have acted inappropriately in any fashion during that timeframe.

As a corollary, the Court rejects the Plaintiffs' contention that GJWA has acted in bad faith in this case. (ECF No. 18 at 3).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MCGRATH and ANNE MCGRATH, | ) ) ) | CIVIL ACTION NO. 3:23-270 |
| Plaintiffs, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| GREATER JOHNSTOWN WATER AUTHORITY, | ) ) ) | |
| Defendant. | ) | |

### ORDER

AND NOW, this 29th day of January, 2024, upon consideration of Defendant Greater Johnstown Water Authority's "Petition to Open Default Judgment[,]" (ECF No. 13), which the Court construes as a Motion to Set Aside Default, and for the reasons set forth in the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED** that the Motion is **GRANTED. IT IS FURTHER ORDERED** that the Default entered against Defendant Greater Johnstown Water Authority on the docket of this action on December 13, 2023, (ECF No. 8), shall be **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiffs John and Anne McGrath's "Motion for Entry of Default Judgment[,]" (ECF No. 5), is **DENIED AS MOOT**. The damage hearing relative to Plaintiffs' Motion at ECF No. 5, which was previously scheduled for January 24, 2024, (ECF No. 9 at 2), is **CANCELED**.

**IT IS FURTHER ORDERED** that Plaintiffs John and Anne McGrath shall submit their Response to Defendant Greater Johnstown Water Authority's Motion to Dismiss at ECF No. 16

within **twenty-eight (28) days** of the entry of this Order. The Court will also docket a separate Order scheduling an Initial Case Management Conference in this matter.

**IT IS FURTHER ORDERED** that the temporary stay of proceedings in this matter (ECF No. 21) is **LIFTED**.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**